**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SHAWANDA SOLOMON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:25-CV-1303- |
| v. | § | SDJ-AGD |
| | § | |
| ANNA INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ADOPTING THE REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 19, 2026, the Magistrate Judge entered the Report, (Dkt. #27), recommending Plaintiff Shawanda Solomon's "Emergency Motion to Enforce Mandatory IDEA Stay-Put Provision," (Dkt. #21), "Rule 72(a) Objection to Magistrate's Order [Dkt. #22] and Motion for Expedited Ruling to Enforce Mandatory IDEA Stay Put Provision," (Dkt. #24), and "Emergency Motion to Enjoin Defendant from Holding Unauthorized Administrative Proceedings Pending Resolution of [Dkt. #21] [#24]," (Dkt. #25), be held in abeyance until Defendant had an opportunity to answer or otherwise appear in the lawsuit. On March 3, 2026, Plaintiff filed an objection to the Report in "Plaintiff's Emergency Motion to Vacate Abeyance and Immediately Enforce 20 U.S.C. § 1415(j) and Objections Under Fed. R. Civ. P. 72(b) to Report and Recommendation (DKT. #27)" ("Objection") (Dkt. #29).

In the Report, the Magistrate Judge noted that Plaintiff had objected to a previous report *and* made a motion in Plaintiff's "Rule 72(a) Objection to Magistrate's Order [Dkt. #22] and Motion for Expedited Ruling to Enforce Mandatory IDEA Stay Put Provision" (Dkt. #24) (Dkt. #27, at p. 8). The Magistrate Judge informed Plaintiff in the Report that this violated Local Rule CV-7, which states that "[e]ach pleading, motion, or response to a motion must be filed as a separate document, except for motions for alternative relief…" (Dkt. #27, at p. 8). Moreover, Plaintiff recognized her breach in her most recent Objection (Dkt. #29, at p. 9) ("While the Magistrate [Judge] cites Local Rule CV-7(a) regarding combined filings, a local formatting preference cannot override a Federal Rule. Under *Haines v. Kerner*, pro se pleadings must be held to less stringent standards. The Court should have severed the Rule 72(a) Objection and transmitted it to the District Judge immediately.").

However, Plaintiff once again disregarded Local Rule CV-7 in her Objection (*See* Dkt. #29). In her Objection, Plaintiff objects to the Magistrate Judge's Report and also asks this court to "[vacate] the order holding Plaintiff's motions in abeyance; [set aside] the February 11 Order as contrary to law under Rule 72(a); [declare] the February 19, 2026, ARD meeting procedurally invalid and [void] any resulting IEP revisions or timeline extensions; [enforce] the Stay-Put mandate by ordering the district to maintain the January 21, 2025, IEP as the operative placement immediately…" (Dkt. #29, at p. 26). Despite Plaintiff's *pro se* status, Plaintiff must comply with the court's Local Rules. *McCalley v. Olson*, No. 4:21-CV00511-ALM-

2

CAN, 2022 WL 18141391, at *1 (E.D. Tex. Aug. 15, 2022), *report and recommendation adopted*, No. 4:21-CV-511, (E.D. Tex. Jan. 5, 2023). This includes Local Rule CV-7.

Additionally, Plaintiff argues in her Objection that "[t]he Magistrate Judge's] Finding Regarding Prior Stay-Put Orders is Clearly Erroneous" (Dkt. #29, at p. 11). Plaintiff bases this argument on the Magistrate Judge's statement in the Report that "[t]he court was first made aware of [prior stay-put orders] in Plaintiff's Emergency Motion to Enforce Mandatory IDEA Stay-Put Provision (Dkt. #21)" (Dkt. #29, at p. 11). Plaintiff asserts that this was clearly erroneous because the prior Stay-Put orders were included in Plaintiff's "Memorandum in Support of Application for Temporary Restraining Order and Preliminary Injunction" (Dkt. #9) and "Notice of Filing Exhibits in Support of Emergency TRO" (Dkt. #12) (Dkt. #29, at p. 11).

Plaintiff claims that in her "Memorandum in Support of Application for Temporary Restraining Order and Preliminary Injunction" (Dkt. #9), she "explicitly discuss[ed] both the administrative proceedings and the stay-put orders" (Dkt. #29, at p. 11). Based on her filings, those orders were signed by the Administrative Law Judge ("ALJ") on August 25, 2025, and October 2, 2025 (Dkt. #21, at p. 5). Nowhere in Plaintiff's "Memorandum in Support of Application for Temporary Restraining Order and Preliminary Injunction" (Dkt. #9), were those dates mentioned. Moreover, on page five of the document, where Plaintiff points the court, there is no "explicit" mention of those orders (Dkt. #9, at p. 5).

However, the Court recognizes that Plaintiff included these orders in her "Notice of Filing Exhibits in Support of Emergency TRO," like she claims in her

Objection (Dkt. #12-2, at pp. 145-53). However, Plaintiff's "Notice of Filing Exhibits in Support of Emergency TRO" was 637 pages (Dkt. #12).  Moreover, the Magistrate Judge was not directed to these exhibits prior to Plaintiff filing her Emergency Motion to Enforce Mandatory IDEA Stay-Put Provision (Dkt. #21), as the Magistrate Judge stated in her Report (Dkt. #27, at p. 2). Importantly, Plaintiff did not direct the court's attention to the orders, and the court need not scour the record in search of such evidence. *Cf. Wease v. Ocwen Loan Serv., L.L.C.*, 915 F.3d 987, 996-97 (5th Cir. 2019) ("It is not [the court's] function to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which [it] relies.") (citation omitted); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs.") (citation omitted); *Prescott v. Denton Cnty. Jail*, No. 4:16-CV-879, 2025 WL 891871, at *10 n. 16 (E.D. Tex. Feb. 25, 2025), *report and recommendation adopted*, No. 4:16-CV-879, 2025 WL 885850 (E.D. Tex. Mar. 21, 2025) ("Plaintiff's Third Amended Complaint is handwritten and over 40 pages long. It is not this court's obligation to scour the complaint looking for factual support to defeat the motion to dismiss.) Accordingly, the court's finding was not clearly erroneous.

Separately, Plaintiff's Objection asserts that the Report "incorrectly applies the four-factor Preliminary Injunction (PI) test to a Stay-Put motion. This is a clear legal error. Under the IDEA, stay-put is a statutory command, not an equitable remedy" (Dkt. #29, at p. 12). The current Report at issue did not apply the "four-

factor" test, as Plaintiff asserts (Dkt. #27). Instead, Plaintiff seems to be complaining about the Magistrate Judge's prior Report and Recommendation (Dkt. #15). However, it appears that Plaintiff fails to recognize that this Court already adopted that Report and Recommendation (Dkt. #18). Plaintiff has already indicated her disagreement with this Court's decision, as evidenced by "Plaintiff's Notice of Interlocutory Appeal" (Dkt. #19). Accordingly, that issue is before the United States Court of Appeals for the Fifth Circuit. This also applies to Plaintiff's argument that the "Stay-Put is an Exception to the Exhaustion Requirement" (Dkt. #29, at p. 14). As with Plaintiff's prior argument, this was addressed in the Magistrate Judge's prior Report and Recommendation (Dkt. #15), adopted by this Court (Dkt. #18), and appealed to the Fifth Circuit (Dkt. #19).

The Court notes that in making the argument that the Magistrate Judge "incorrectly applie[d] the four-factor Preliminary Injunction (PI) test to a Stay-Put motion," Plaintiff represented to the Court that the Fifth Circuit stated "[t]he stay-put provision of the [IDEA] is a statutory injunction…which is to be applied without the necessity of the parent proving the usual precursors to injunctive relief. *Stacey G. v. Pasadena ISD*, 695 F.2d 949, 954 (5th Cir. 1983) (emphasis added)" (Dkt. #29, at p. 13). Upon review of that case, no such quote exists. Again, the Court reminds Plaintiff that she has an obligation to adhere to the Local Rules. *McCalley*, 2022 WL 18141391, at *1. Namely, "[l]itigants remain responsible for the accuracy and quality of legal documents produced with the assistance of technology…Litigants are cautioned that certain technologies may produce factually or legally inaccurate

content. If a litigant chooses to employ technology, the litigant continues to be bound by the requirements of Fed. R. Civ. P. 11 and must review and verify any computer-generated content to ensure that it complies with all such standards. *See also* Local Rule AT-3(m)." Local Rule CV-11(g).

Finally, in her Objection, Plaintiff references M.S.'s "rights" at various points (Dkt. #29, at pp. 5, 8, 19, 22, 26). For instance, Plaintiff states that the Magistrate Judge's "[p]rocedural preference for separate filings cannot supersede the Court's mandatory duty to resolve a Stay-Put dispute, nor does it *waive the Student's right to a timely Article III review* of an automatic injunction" (Dkt. #29, at p. 8) (emphasis added).[1] At the beginning of this lawsuit, the Magistrate Judge ordered Plaintiff to brief the court on whether the case was her own or M.S.'s (Dkt. #8, at p. 4). As a *pro se* litigant, Plaintiff may not represent M.S. unless the case falls within the teachings of *Raskin on Behalf of J.D. v. Dallas Ind. School Dist.*, 69 F.4th 280, 282 (5th Cir. 2023). Plaintiff filed "Plaintiff S.S.'s Response to Order Regarding Pro Se Representation and Raskin Briefing" (Dkt. #11). Therein, Plaintiff asserted that "Plaintiff [was] not seeking to prosecute M.S.'s substantive educational claims pro se" (Dkt. #11, at p. 1). Plaintiff's current Objection does not conform with that statement. In fact, it suggests that Plaintiff is again attempting to represent M.S.'s rights *pro se* (Dkt. #29, at pp. 5, 8, 19, 22, 26). If Plaintiff intends to assert claims on behalf of M.S., she must explain to the Court why she is able to do so under the *Raskin* test or retain counsel to represent M.S.'s interests.

---

[1] Local Rule CV-7 is not the Magistrate Judge's "procedural preference." It is a requirement that litigants must follow in this jurisdiction, even *pro se* litigants. *McCalley*, 2022 WL 18141391, at *1.

Having received the Report of the Magistrate Judge, considered Plaintiff's objection, (Dkt. #29), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings and conclusions of the Court.

It is therefore **ORDERED** that Plaintiff's "Emergency Motion to Enforce Mandatory IDEA Stay-Put Provision," (Dkt. #21), "Rule 72(a) Objection to Magistrate's Order [Dkt. #22] and Motion for Expedited Ruling to Enforce Mandatory IDEA Stay Put Provision," (Dkt. #24), and "Emergency Motion to Enjoin Defendant from Holding Unauthorized Administrative Proceedings Pending Resolution of [Dkt. #21] [#24]," (Dkt. #25), were properly **HELD IN ABEYANCE** until Defendant could answer or otherwise appear in this lawsuit. On March 9, 2026, Defendant filed a motion to dismiss and appeared in this action. (Dkt. #30). Accordingly, Plaintiff's "Emergency Motion to Enforce Mandatory IDEA Stay-Put Provision," (Dkt. #21), "Rule 72(a) Objection to Magistrate's Order [Dkt. #22] and Motion for Expedited Ruling to Enforce Mandatory IDEA Stay Put Provision," (Dkt. #24), and "Emergency Motion to Enjoin Defendant from Holding Unauthorized Administrative Proceedings Pending Resolution of [Dkt. #21] [#24]," (Dkt. #25), are no longer held in abeyance, and may be resolved.

So ORDERED and SIGNED this 7th day of April, 2026.

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

7